[Cite as *Kirkendoll v. Lorain Cty. Children Servs.*, 2026-Ohio-2455.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

WILLIAM KIRKENDOLL

      Appellee

      v.

LORAIN COUNTY CHILDREN
SERVICES, et al.

      Appellants

C.A. No.     25CA012332

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    25CV215766

DECISION AND JOURNAL ENTRY

Dated: June 29, 2026

STEVENSON, Judge.

**{¶1}** Defendants-Appellants Lorain County Department of Children Services, Lorain County Children Services Board, Jim Miller, Andrew Lipian, Christina Doran, Kristen Fox-Berki, Amelia Lord, and Willisha Sharp (collectively "the LCCS Defendants") appeal the decision of the Lorain County Court of Common Pleas granting in part and denying in part their motion for judgment on the pleadings based in part on claims of sovereign immunity. This Court affirms in part and dismisses the appeal in part.

I.

**{¶2}** In March 2025, Plaintiff-Appellee William Kirkendoll filed a pro se complaint against the LCCS Defendants as well as Jane and John Doe. Mr. Kirkendoll asserted that the Defendants "unlawfully colluded with and assisted [N.C.] in regaining custody of [his] minor children without legal authority, due process, or justification." He maintained that the Defendants' actions were "negligent, racially motivated, and unconstitutional." (Emphasis omitted.) Mr.

Kirkendoll further alleged that the Defendants unlawfully entered and searched his home. Mr. Kirkendoll's complaint contained six counts: (1) negligence, (2) intentional infliction of emotional distress, (3) interfering with custody, (4) illegal search and seizure, (5) ethnic intimidation, and (6) child neglect and endangering.

{¶3} The LCCS Defendants filed an answer, inter alia, raising the affirmative defense of immunity. The LCCS Defendants then moved for judgment on the pleadings, raising numerous arguments in support thereof, including arguments related to immunity. Mr. Kirkendoll opposed their motion, and the LCCS Defendants replied.

{¶4} In August 2025, the trial court issued an entry granting in part and denying in part the LCCS Defendants' motion. The trial court concluded that all claims against the Lorain County Department of Children Services and Lorain County Children Services Board were dismissed as the agencies were not sui juris; that issue is not before us in this appeal. The only claims to survive the motion were counts one and two as to the individual Defendants.

{¶5} The LCCS Defendants have appealed, raising a single assignment of error for this Court's review. As the claims against the Lorain County Department of Children Services and Lorain County Children Services Board have all been dismissed, they have not been aggrieved by the trial court's judgment. *See In re Guardianship of Love*, 19 Ohio St.2d 111, 113 (1969) ("[I]t is well established in Ohio that an appeal lies only on behalf of a party aggrieved. Such party must be able to show that he has a present interest in the subject matter of the litigation and that he has been prejudiced by the judgment of the lower court."). Thus, the appeal is dismissed as to those parties. *See id.* at 111, 115. The remaining Appellants will be collectively referred to as the "Individual Defendants" going forward. Mr. Kirkendoll has not filed a brief in this matter. *See* App.R. 18(C).

II.

## ASSIGNMENT OF ERROR

THE LOWER COURT ERRED BY DENYING SOVEREIGN IMMUNITY TO JIM MILLER, ANDREW LIPIAN, CHRISTINE DORAN, KRISTEN FOX-BERKI, AMELIA LORD, AND WILLISHA SHARP, AND SHOULD HAVE GRANTED THEM JUDGMENT ON THE PLEADINGS.

{¶6} In their sole assignment of error, the Individual Defendants argue that the trial court erred in applying R.C. 2744.03(A)(6) to counts one and two because Mr. Miller, Mr. Lipian, Ms. Doran, Ms. Fox-Berki, Ms. Lord, and Ms. Sharp were only sued in their official capacities.

{¶7} Under Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "The determination of a motion for judgment on the pleadings is restricted solely to the allegations of the pleadings." *McCleland v. First Energy*, 2005-Ohio-4940, ¶ 6 (9th Dist.), citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165-66 (1973). "A motion for judgment on the pleadings pursuant to Civ.R. 12(C) is properly characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted[.]" *Fisher v. Ahmed*, 2020-Ohio-1196, ¶ 11 (9th Dist.). "[D]ismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of [her] claim that would entitle [her] to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). We review a trial court's decision on a motion for judgment on the pleadings de novo. *McCleland* at ¶ 6. De novo review means that "this Court stands in the shoes of the trial court and conducts an independent review of the record." *Kuczirka v. Ellis*, 2018-Ohio-5318, ¶ 8 (9th Dist.).

> R.C. Chapter 2744 was enacted in 1985 and addresses when political subdivisions, their departments and agencies, and their employees are immune from liability for their actions. Determining whether a political subdivision is immune from liability

under R.C. 2744.02 . . . involves a three-tiered analysis. A general grant of immunity is provided within the first tier, which states that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1).

The second tier in the immunity analysis focuses on the five exceptions to this immunity, which are listed in R.C. 2744.02(B). If any of the exceptions to immunity are applicable, thereby exposing the political subdivision to liability, the third tier of the analysis assesses whether any of the defenses to liability contained in R.C. 2744.03 apply to reinstate immunity.

Immunity is also extended to individual employees of political subdivisions. For claims against individual employees, the three-tiered analysis used to determine whether a political subdivision is immune is not used. Instead, R.C. 2744.03(A)(6) provides that an employee is personally immune from liability unless "(a) [t]he employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or] (c) [c]ivil liability is expressly imposed upon the employee by a section of the Revised Code." For these purposes, allegations of negligence are insufficient to overcome the immunity granted to an employee of a political subdivision who acts within his or her official duties.

(Internal citations omitted.) *Lambert v. Clancy*, 2010-Ohio-1483, ¶ 8-10.

{¶8} "The allegations in a complaint directed against an officeholder or employee in an official capacity is an action against the entity itself." *Molnar v. Green*, 2019-Ohio-3083, ¶ 10 (9th Dist.), citing *Lambert* at paragraph one of the syllabus. "This is the equivalent of suing the political subdivision rather than the officeholder [or employee] in an individual or personal capacity." *Lambert* at ¶ 21. Under these circumstances, the analysis under R.C. 2744.02 applies. *See id*. at ¶ 22. However, when an employee is sued in the employee's individual capacity, the analysis proceeds under R.C. 2744.03(A)(6). *See id.* at ¶ 21.

{¶9} A single individual can be sued simultaneously in both the person's individual and official capacities. *See, e.g., Molnar* at ¶ 1. While it is true that Mr. Kirkendoll states in his complaint that he is suing the named individuals in their official capacities, he also uses language

indicating his intent to sue them in their individual capacities as well. Specifically, as to count one, his negligence claim, Mr. Kirkendoll states that the "Defendants' actions were reckless and constituted wanton misconduct, as defined under [R.C.] 2744.03(A)(6)(b), which removes sovereign immunity protections when government employees act in bad faith, with malicious purpose, or in a wanton and reckless manner." (Emphasis omitted.). As to count two, the claim for intentional infliction of emotional distress, Mr. Kirkendoll alleges that "Defendants' actions were malicious, intentional, and in reckless disregard of [his] well-being . . . ." (Emphasis omitted.) He again notes that, "[u]nder [R.C.] 2744.03(A)(6)(b), sovereign immunity does not apply when government employees engage in wanton or reckless misconduct." (Emphasis omitted.)

{¶10} "Under Civ.R. 8(A)'s liberal pleading requirements, a plaintiff must merely set forth operative facts in [the] complaint which give fair notice of the action . . . . Any legal theory applicable to the stated facts will support a recovery." (Internal quotations and citations omitted.). *Haynes v. Ally Financial, Inc.*, 2024-Ohio-5673, ¶ 13 (9th Dist.). Moreover, this Court has held that "[a] plaintiff is under no obligation to prove [his] own case in the initial pleadings and certainly need not affirmatively dispose of the immunity question altogether at the pleading stage." (Internal quotations and citations omitted.) *Fisher*, 2020-Ohio-1196, at ¶ 21 (9th Dist.).

{¶11} In light of the foregoing, the Individual Defendants have not demonstrated that the trial court erred in applying R.C. 2744.03(A)(6) to the claims at issue. The Individual Defendants' assignment of error is overruled.

III.

{¶12} The Individual Defendants' assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed in part, and the appeal is dismissed as to the Lorain County Department of Children Services and Lorain County Children Services Board.

Appeal dismissed in part,
and judgment affirmed in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

SCOT STEVENSON
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

AMILY A. IMBROGNO and JONATHAN W. SAULINE, Attorneys at Law, for Appellants.

BARBARA TAMAS, Attorney at Law, for Appellants.

WILLIAM KIRKENDOLL, pro se, Appellee.